[No. 3,499.]

## JAMES MILLER *v.* SAMUEL P. TAYLOR.

APPLICATION TO PURCHASE TIDE LANDS.—An application to purchase tide lands from the State must contain an intelligible description of the lands sought to be purchased. If the description be unintelligible, it will not support the application in case of a contest.

APPEAL from the District Court of the Seventh Judicial District, County of Marin.

The plaintiff had judgment in a suit brought to determine the right to purchase certain tide lands—the contest having been referred to the Court under the provisions of the Act of March 28th, 1868 (Sec. 17), by the Surveyor General— and the defendant appealed.

*W. H. McGrew,* for Appellant.

Appellant's application is sufficiently definite, under the statute. It is: "along the beach of Tomales Bay,  *  *  * from the most northerly point of said Miller Rancho, on Tomales Bay, to the most southerly." Section twenty-nine of the Act of 1867–8, does not require that the county should be designated in the application.

*T. H. Hanson,* for Respondent.

The application neither states the county or State in which the land lies. This is necessary, and a failure to describe the county and State is a fatal defect in the application, and renders it void and of no effect. Hence, as appears by the record, the defendant has never made application for the purchase of any portion of the lands in controversy, in conformity with the law in force at the time such application was made, and is, therefore, not entitled to purchase any portion thereof by virtue of such application. (*Hildebrand v. Stewart,* 41 Cal. 387.)

By the COURT:

The application by Taylor to purchase a portion of the tide lands belonging to the State, contained only the following description of the lands to be purchased, viz: "A certain tract of salt marsh and tide lands in ―― county, lying and situate along the westerly side of the Miller Rancho, so known, to all the land along the beach of Tomales Bay, along the beach of ordinary low tide, and the hard land, from the most northerly point of said Miller Rancho, on Tomales Bay, to the most southerly."

Irrespective of other objections taken to the proceeding, the description is utterly unintelligible, and is wholly insufficient to support the application.

Judgment affirmed.